UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERRY AUSAMA | § | C.A. No. |
| | § | |
| VS. | § | SEC. "__" MAG. (__) |
| | § | |
| C & G BOATS, INC., M N M BOATS, INC. and *MS EMELIE ROSE, IN REM* | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff Terry Ausama ("Plaintiff"), complaining of Defendants C & G Boats, Inc., M N M Boats, Inc. and *Ms Emelie Rose, in rem,* and, for cause of action, would respectfully show as follows:

**I. PARTIES**

1.1 Plaintiff Terry Ausama, is a U.S. citizen and resident of Terrebonne Parish, Louisiana.

1.2 Defendant C & G Boats, Inc., is a Louisiana corporation with its principal place of business in Lafourche Parish, Louisiana, doing business in this District and the State of Louisiana for the purpose of accumulating monetary profit, and may be served with process through its registered agent Magnus J. Arceneaux, 117 Branton Drive, Lafayette, Louisiana 70508.

1.3 Defendant M N M Boats, Inc., is a Louisiana corporation with its principal place of business in Lafourche Parish, Louisiana, doing business in this District and the State of Louisiana for the purpose of accumulating monetary profit, and may be served with process through its registered agent Magnus J. Arceneaux, 117 Branton Drive, Lafayette, Louisiana 70508.

1.4 Defendant *Ms Emelie Rose* (IMO 9260794), is a platform supply ship ("vessel") the vessel involved in the incident complained of herein.

## II. JURISDICTION

2.1 The Court has jurisdiction over the lawsuit under 28 U.S.C. §1333 because the suit involves admiralty and maritime jurisdiction, and Plaintiff brings suit for negligence under the general maritime law.

## III. VENUE

3.1 Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States, Rule 82 Fed. R. Civ. P.

## IV. FACTS

4.1 At all material times hereto, Defendants owned, operated and crewed the vessel, which vessel was servicing an Arena offshore platform, a vessel operating on navigable waters.

4.2 On or about December 16, 2018, Plaintiff was performing a swing transfer from the platform to the vessel, during which the vessel moved, causing Plaintiff to hit the edge of the boat, handrail and other equipment, resulting in Plaintiff sustaining severe and disabling personal injuries.

## V. DEFENDANTS' NEGLIGENCE AND/OR GROSS NEGLIGENCE

5.1 As stated above, on or about December 16, 2018, Plaintiff was injured during a swing transfer from a platform to the vessel.

5.2 Defendants are liable for the subject accident and Plaintiff's injuries and damages by reason of their negligence, gross negligence, and/or conditions attributable to them, directly and/or vicariously, by and through the vessel and/or her agents, representatives and/or employees, in one or more of the following particulars:

(a) failing to maintain adequate communication with the platform during the transfer;

(b) failing to maintain the vessel in a steady and proper manner during the transfer;

(c) failing to maintain the vessel and her appurtenances and/or equipment in a safe and reasonable state of repair;

(d) failing to take reasonable precautions for Plaintiff's safety;

(e) failing to moor or tie off to the platform to prevent movement of the vessel during the swing rope transfer; and,

(f) other acts deemed negligent, particulars to be shown at trial of this cause.

5.3 As a result of all Defendants' actions and/or inactions, Plaintiff has been caused to endure considerable pain and suffering, and as a result thereof, was obliged to obtain medical care and treatment, caused to lose time from his employment, and sustained monetary and financial loss occasioned by said lost time from work. Plaintiff has been prevented, and in all likelihood will continue to be prevented, from engaging in his usual occupations, pastimes and pursuits which he would have engaged in but for the injury aforementioned.

5.4 Plaintiff would show that each of the foregoing, individually or collectively, constituted negligence, which was a proximate cause of his injuries and damages complained of herein.

5.5 In addition to the above negligent acts, Defendants acted willfully, and with malice, or recklessness, in doing the things alleged, and were grossly negligent in the aforementioned particulars.

5.6 Defendants had actual, subjective, awareness of the risks involved in this swing transfer but nevertheless proceeded in conscious indifference to the rights, safety, and welfare of Plaintiff.

5.7 Plaintiff's injuries were not culminated by any contributing fault of his own, but solely the negligence and/or gross negligence of Defendants.

**VI. COUNT 2 - UNSEAWORTHINESS**

6.1 Plaintiff's injuries were caused by Defendants' breach of duty to furnish a seaworthy vessel.

**VII. DAMAGES**

7.1 As a direct and proximate result of Defendants' negligence and/or gross negligence, Plaintiff suffered the following injuries and damages, including, but not limited to: (a) mental anguish in the past; (b) mental anguish that he is likely to sustain in the future; (c) lost earnings; (d) loss of earning capacity; (e) permanent disfigurement; (f) physical impairment in the past; (g) physical impairment that he is likely to sustain in the future; (h) medical expenses in the past; (i) medical expenses that he is likely to incur in the future; (j) physical pain and suffering in the past; (k) physical pain and suffering that he is likely to sustain in the future; (l) pecuniary and non-pecuniary damages to which he is entitled, including punitive damages.

**VIII. JURY DEMAND**

8.1 Plaintiff demands a trial by jury herein.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, for: actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and post-judgment interest; punitive damages and attorney's fees; costs of suit; and all other relief to which he may be entitled.

[signature follows]

Respectfully submitted,

*/s/ Randy J. Ungar*
RANDY J. UNGAR (12387)
randy@ungarlaw.net
3220 N. Arnoult Road, No. 110
Metairie, Louisiana 70002
Telephone: 504.450.3389

ATTORNEY FOR PLAINTIFF